(140 App. Div. 448.)

### HACKETT v. H. KOEHLER & CO.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. MASTER AND SERVANT (§ 285*) — INJURIES TO SERVANT — QUESTIONS FOR JURY.

Whether an injury to a servant resulted from the negligence of his fellow servants *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 285.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MASTER AND SERVANT (§ 276*)—INJURIES TO SERVANT—SUFFICIENCY OF EV-
   IDENCE.
       In a servant's action for injuries, evidence *held* to justify a verdict for
   plaintiff.
       [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 276.*]

Appeal from Trial Term, New York County.

Action by James Hackett against H. Koehler & Co. From an order
setting aside the verdict, and dismissing the complaint on the merits,
and from the judgment entered thereon, plaintiff appeals. Reversed.

See, also, 135 App. Div. 916, 119 N. Y. Supp. 1127.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MIL-
LER, and DOWLING, JJ.

Thomas J. O'Neill, for appellant.
John C. Robinson, for respondent.

SCOTT, J. Plaintiff appeals from an order setting aside a verdict
in his favor and dismissing the complaint upon the merits. The plain-
tiff was employed as a cellarman, and on the day of the accident was
directed to assist other employés in loading bags of ceraline upon an
elevator which carried the bags to the fifth story, where they were
unloaded. Plaintiff's injury resulted from the fall of one of these
bags, which fell from the elevator after it had arrived at the fifth
story, and had been stationary there for some minutes, and after a
part of the load had been taken off.

It is insisted by the respondent that the bag must have fallen, either
because it was improperly loaded by plaintiff and his fellow servants,
or that it must have been dislodged and caused to fall by the negli-
gence of a fellow servant who was engaged in unloading the bags.
Both of these suppositions are purely hypothetical, and are without
evidence to support them. The jury was carefully and distinctly
charged that, if the accident happened in consequence of the negli-
gence of one of his fellow servants, the plaintiff could not recover.
By their verdict the jury must have found that it did not so occur.
The decision of that question was one which was for the jury, and
we find nothing in the evidence to justify us in arriving at a different
conclusion.

Whatever may have first dislodged the bag, it is quite apparent that
the accident would not have happened if the elevator platform had
been guarded as an expert witness testified that it should have been,
and as, according to him, similar elevators usually are guarded. The
elevator in question was erected on the outside of the building against
the wall, so that it was open on three sides. There were protective
chains on either side. It had undoubtedly been considered at one time
that some protection was desirable on the front, and a chain had been
provided to stretch across the front; but it had not been used for a
long time, and could not have been used on the day the accident
happened, because the staple or pin to which its free end should have
been hooked was broken away. The expert called by the plaintiff,
and who was not contradicted, testified that the usual method of safe-

guarding open platform elevators was to have a wooden or metal cribbing or guard on the sides, and to have in front a collapsible metal gate, or wooden gate, that could be lifted and lowered.

Whatever may have been the cause of the dislodgment of the bag, it seems clear that it would not have fallen if the platform had been protected as the evidence tends to show is usual and customary. The defendant cannot be wholly acquitted of negligence in failing to furnish some guard to what was an obviously dangerous appliance if left unguarded, and which, being unguarded, made that portion of the premises under the elevator an unsafe place to work. At least the defendant should have seen to it that the slight guard originally provided was kept in proper order to be used. Whether the chain, if it could have been used, would have been sufficient, is not the question. The negligence consisted in leaving the front of the platform wholly unguarded.

The plaintiff, prior to the accident, was a strong, hale man, about 56 years of age. The accident left him permanently crippled, and has materially impaired his earning capacity. Its immediate effect was to cause him great pain and suffering, and to preclude him from working at all, or earning anything, for a period of about seven months. We cannot say that the verdict was too large.

The order and judgment appealed from must be reversed, with costs and disbursements to the appellant, and judgment directed to be entered upon the verdict. All concur